UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LEIGH GLASS,

           Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF JUSTICE, et. al.,

           Defendants.

No. 2:16-cv-2907-KJM-CKD PS

ORDER

        Plaintiff Leigh Glass is not represented by counsel in this case. On February 7, 2017, Glass moved this court to reconsider the magistrate judge's order dismissing the complaint, with leave to amend, under the federal in forma pauperis statute. Mot., ECF No. 4; Order, ECF No. 3. As discussed below, the court DENIES Glass's motion.

        Courts review motions to reconsider a magistrate judge's nondispositive pretrial order under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also* Local Rule 303(f). "A finding is clearly erroneous when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Estate of Stephen E.*

*Crawley v. Robinson*, No. 13-02042, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

Here, Glass claims the magistrate judge's order is "baseless and contains nothing but meaningless boilerplate verbiage, and thereby, the dismissal of the Complaint must be reversed." Mot. at 1. The magistrate judge dismissed Glass's complaint under the in forma pauperis statute, which authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2). The magistrate judge determined Glass's complaint was "so vague and conclusory" the court was "unable to determine whether [it] is frivolous or fails to state a claim for relief." Order at 2.

A review of Glass's complaint affirms this conclusion. *See generally* Compl., ECF No. 1. The complaint does not explain the connection between defendants' alleged misconduct and the statute this conduct purportedly violates. *Id*. ¶¶ 28–30. Even under the liberal federal pleading standards, the complaint must allege with at least some particularity defendants' overt acts that support the claim. Accordingly, the magistrate judge's dismissal of the complaint, with leave to amend, was proper and this court does not have a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods.*, 508 U.S. at 622.

Glass's motion for reconsideration is DENIED.

IT IS SO ORDERED.

This resolves ECF No. 4.

DATED: March 27, 2017

_____
UNITED STATES DISTRICT JUDGE

2